IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GEORGE E. BROWN
Reg. #32507-044                                                                                    PLAINTIFF

V.                                     CASE NO. 2:18-CV-113-BSM-BD

GENE BEASLEY, Warden,
Forest City Low, Forrest City, Arkansas                                                 DEFENDANTS

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Chief Judge Brian S. Miller. Mr. Brown may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Brown does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Chief Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.    Discussion:**

In August 2006, a jury convicted petitioner George E. Brown on a single count of possession-with-intent-to-distribute five grams or more of cocaine base. *Brown v. United States*, No. 1:17-CV-103 RLW, 2017 WL 2672626, at *1 (E.D. Mo. June 20, 2017). He was originally sentenced to 240 months' imprisonment. *Id*. (citing *United States v.*

*Brown*, 1:05-CR-178 RLW (E.D. MO.)). Mr. Brown's conviction and sentence were affirmed on appeal. *United States v. Brown*, 499 F.3d 817 (8th Cir. 2007).

After the United States Sentencing Guidelines relating to crack cocaine were amended, the sentencing court reduced Mr. Brown's sentence to 192 months' imprisonment. *Brown*, 2017 WL 2672626 at *1. He appealed that sentence, and it was affirmed. *United States v. Brown*, No. 09–2423 (8th Cir. Mar. 26, 2010). On October 18, 2011, petitioner's sentence was further reduced to 144 months' imprisonment. *Brown*, 2017 WL 2672626, at *1.

Mr. Brown was released to supervision on September 5, 2014, for a term of eight (8) years. *Id*. His supervised release was revoked, however, on November 2, 2016, and he was sentenced to a 60 months' imprisonment. *Id*.

Mr. Brown is currently serving his sentence in the Bureau of Prison ("BOP") at the Forest City Low ("FCL") facility in Forrest City, Arkansas. Mr. Brown attaches documents to his petition indicating that he has used the BOP's administrative process to request removal of two points from his custody level for a history of violence. (Docket entry #1 at 12-20)

On August 4, 2018, Mr. Brown filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the BOP's calculation of his custody level. (#1 at 2) He complains that two points were added to his custody level because his pre-sentence report ("PSR") included a 1984 charge for resisting arrest. (#1 at 3-7) Mr. Brown argues that the BOP is without sufficient information to determine whether the charge was a violent offense. (#1 at 3-7, 23) He further argues that the BOP should not use the prior charge to

enhance his custody level because the sentencing court did not use the charge to enhance his sentence. He maintains that the BOP's use of the prior charge to determine his custody level is "an act of double counting or impermissibly piling on." (#1 at 7-10) Mr. Brown asks the Court to "order the Warden/BOP to remove the finding of serious violence and the finding of 14 criminal history points from his male custody classification form." (#1 at 10-11)

A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id*. at 489. On the other hand, "constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); see also *Levi v. Ebbert*, 353 Fed. App'x 681, 682 (3d Cir. 2009) (claims concerning the determination of a federal prisoner's custody level do not lie at the core of habeas corpus and are not cognizable in a § 2241 petition).

Here, Mr. Brown does not attack the legality of his custody; he does not allege a problem in the BOP's calculation of his sentence; and he does not allege that he is entitled to early release from custody. Instead, he complains that his custody level has resulted in his placement in a facility that "does not have the type of resources available for a person such as Petitioner." (#4 at 3) A prisoner, however, has no justifiable expectation that he will be incarcerated in any particular facility, even though the degree

of confinement in one facility may be different from that in another. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); see also *Sessel v. Outlaw*, No. 2:08-CV-212 JMM, 2009 WL 1850331, at *6 (E.D. Ark. 2009).

To the extent Mr. Brown is complaining about his conditions-of-confinement, the Court gave Mr. Brown the opportunity to convert his petition to a civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (#3) Mr. Brown objected to the Court's order and reiterated that his sentence is being "executed improperly as he is not properly placed within the BOP facilities." (#4 at 3) Because Mr. Brown does not wish to convert his case and pay the filing fee,[1] his case should be dismissed, without prejudice, for lack of jurisdiction. See *Spencer v. Haynes*, 774 F.3d 467, 468-471 (8th Cir. 2014) (remanding case filed under § 2241 and dismissed without prejudice for lack of jurisdiction to give the petitioner the opportunity to convert the case to a civil rights complaint under *Bivens*).

### III. Conclusion:

Because Mr. Brown challenges the conditions of his confinement, rather than the execution of his sentence, this Court lacks jurisdiction over his claims. Accordingly, the

---

[1] Because of his litigation history, Mr. Brown is not eligible for IFP status unless he can establish that he is in imminent danger of serious physical injury. See *Brown v. Pemiscot County Jail, et al.*, No. 1:06-CV-192 FRB, 2007 WL 2492451, at *1 (E.D. Mo. Aug. 29, 2007) (finding that Mr. Brown has three strikes pursuant to 28 U.S.C. § 1915(g) and is, therefore, ineligible to proceed *in forma pauperis* without establishing he is in imminent danger of serious physical injury). The Court notified Mr. Brown that if he intended to pursue his claims in a civil lawsuit, he would have to pay the $400 filing fee.

Court recommends that George Brown's petition for writ of habeas corpus (#1) be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

DATED this 31st day of October, 2018.

_____
NITED STATES MAGISTRATE JUDGE